**ANDERSON BANTA CLARKSON PLLC**

48 NORTH MACDONALD

MESA, ARIZONA  85201

TELEPHONE (480) 788-3053

Adam C. Anderson/024314

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA
# PRESCOTT DIVISION

| | |
|---|---|
| LEE WARD, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| TD AUTO FINANCE, LLC, | |
| Defendant, | |

NOW COMES the plaintiff, LEE WARD, by and through his attorneys, ANDERSON BANTA CLARKSON PLLC, and for his Complaint against the defendant, TD AUTO FINANCE, LLC, the plaintiff states as follows:

## I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. LEE WARD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kingman, County of Mohave, State of Arizona.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Chrysler Financial (hereinafter, "the Debt").

6. The Debt was for an auto loan that was for the personal use of Plaintiff and/or used for household expenditure.

7. Upon information and belief, Cavalry Portfolio Services, LLC, purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. TD AUTO FINANCE, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arizona. Defendant's principal place of business is located in the State of Michigan. Defendant is registered as a limited liability company in the state of Arizona.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

2

11. Upon information and belief, Defendant was hired by Cavalry Portfolio Services, LLC, to collect the Debt from Plaintiff.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

16. Due to financial hardship and the loss of employment, Plaintiff was unable to continue paying for his vehicle and had to allow it to be repossessed in January of 2008.

17. Since that date, Plaintiff has not made any payments toward the vehicle.

18. Defendant has been consistently reporting information regarding the Debt to one or more credit reporting agencies as that term is defined by 15 U.S.C. 1681a(f).

19. In January of 2014, Defendant reported to one or more credit reporting agencies that the date of last activity on the account was September of 2007, that the account was charged off before 2009.

3

20. Pursuant to 15 U.S.C. § 1681c(a)(4), a consumer reporting agency is precluded from making a consumer report containing "[a]ccounts placed for collection or charged to profit and loss which antedate the report by more than seven years."

21. Pursuant to 15 U.S.C. § 1681c(b), the following debts are exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years:

    i. A credit transaction involving, or which may reasonably be expected to involve, a principal amount of $150,000 or more;

    ii. The underwriting of life insurance involving, or which reasonably be expected to involve, a face amount of $150,000 or more; or

    iii. The employment of any individual at an annual salary which equals, or may reasonably be expected to equal $75,000, or more.

22. The debt on which Defendant was attempting to collect from Plaintiff was for a credit transaction for less than a principal amount of $150,000.

23. The debt on which Defendant was attempting to collect from Plaintiff was not relative to a life insurance policy.

24. The debt on which Defendant was attempting to collect from Plaintiff was not relative to employment.

25. The debt on which Defendant was attempting to collect from Plaintiff was not a debt that falls within any of the aforementioned categories such that it would be exempted from the seven (7) year limitation period for the reporting of accounts placed for collection or charged to profit and loss that antedate the report by more than seven (7) years.

26. In April of 2016, Defendant again reported the aforementioned debt to one or more credit reporting agencies as that term is defined by 15 U.S.C. 1681a(f).

27.     Defendant reported that the date of last payment was in January of 2012.

28.     Defendant's reporting is untrue as no payment has been made toward the Debt since Plaintiff lost possession of the vehicle.

29.     As the vehicle that gave rise to the loan obligation was repossessed in 2007 and the account subsequently charged off at some point in 2008, the aforementioned Debt cannot be reported on a credit report.

30.     Defendant communicated false information to a credit reporting agency so that the Debt would continue to appear on Plaintiff's credit report long after it should have been dormant from credit reporting.

31.     In its attempts to collect the debt allegedly owed by Plaintiff to Cavalry Portfolio Services, LLC, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Used false, deceptive, or misleading means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

32.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.     JURY DEMAND

33.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LEE WARD, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By   /s Adam C. Anderson
    Adam C. Anderson
    48 North MacDonald Street
    Mesa, AZ  85201
    Attorney for Plaintiff